IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH WAYNE HENDRIX, #208777, )<br>       )<br>    Plaintiff,     )<br>       )<br>v.                  )   CIVIL ACTION NO. 2:15-CV-247-WKW<br>       )             [WO]<br>       )<br>WARDEN DAVENPORT, et al.,   )<br>       ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 a complaint filed by Kenneth Wayne Hendrix ("Hendrix"), a state inmate presently incarcerated at the Easterling Correctional Facility ("Easterling"). In the complaint, Hendrix alleges that the defendants failed to protect him from attack by another inmate on the evening of April 8, 2015.[1]

On May 27, 2015, Hendrix filed a motion for preliminary injunction in which he seeks injunctive relief requiring that he be removed from Easterling, and ordering the defendants and all other correctional officials to refrain from any form of retaliation. *Doc. No. 9* at 2. In an amendment to the motion for preliminary injunction, Hendrix advises that he is transgender and should therefore be provided protection beyond that provided to "the average

---

[1] The documents filed by the parties indicate that Hendrix and the other inmate, Unzell Tuck, were involved in a relationship. During the afternoon prior to the attack, Tuck received information from another inmate that Hendrix wanted to break off the relationship.

inmate." *Doc. No. 12* at 3. Hendrix's amended motion again seeks a transfer from Easterling due to safety concerns related to his gender identity. *Id*. at 3-4.

The court entered an order directing the defendants to show cause why Hendrix's motion for preliminary injunction should not be granted. *Order of May 27, 2015 - Doc. No. 10*. The defendants filed a response to this order in combination with their special report, supported by relevant evidentiary materials, in which they assert that no actions have been taken against Hendrix in violation of his constitutional rights. *Doc. No. 16*. Specifically, the defendants maintain that they have not acted with deliberate indifference to Hendrix's safety. *See Doc. No. 16* at 12 ("Hendrix and [Tuck] are documented enemies and are kept apart from each other. They cannot reside in the same population areas. Hendrix has not been involved in any incidents since the April 2015 assault."). The defendants further maintain that they have not retaliated against Hendrix or witnessed any such action by other correctional officials. *Id*. ("There is also no evidence of retaliation, nor does Hendrix make any specific allegations in terms of retaliation.").

Upon review of the motion for preliminary injunction, the response and special report filed by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court... ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court

may grant a preliminary injunction only if Hendrix demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the

controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In their response and special report, the defendants maintain that no retaliatory action has been taken against Hendrix and argue that he has been provided appropriate protection while at Easterling.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Hendrix has failed to demonstrate a substantial likelihood of success on the merits of his claims. Hendrix likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants, as issuance of the injunction would adversely impact the ability of correctional officials to manage the security of Easterling effectively. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Hendrix has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before July 13, 2015, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are further advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 29th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE