IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE HENDRIX, AIS # 208777, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:15-CV-247-WKW [WO] |
| WARDEN DAVENPORT, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

On June 25, 2015, the Magistrate Judge filed a Recommendation (Doc. # 20), to which Plaintiff Kenneth Wayne Hendrix filed a timely Objection (Doc. # 21). Upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, the Objection is due to be overruled, the Recommendation is due to be adopted, and Mr. Hendrix's motion for a preliminary injunction is due to be denied.

On May 26, 2015, Mr. Hendrix moved for a preliminary injunction, seeking an order requiring his removal from the correctional facility in which he is currently confined and prohibiting Defendants and other correctional officers from engaging in any form of retaliation. Approximately two weeks later, Mr. Hendrix supplemented his motion with an affidavit further outlining the basis for his request. On June 25, 2015, Defendants filed their opposition to Mr. Hendrix's motion,

contending that Mr. Hendrix had not shown that he was entitled to a preliminary injunction.

Upon review of the motion, the supplemental affidavit, and Defendants' response, the Magistrate Judge concluded that Mr. Hendrix had failed to meet the prerequisites necessary for the issuance of a preliminary injunction and recommended that the motion be denied. In response, Mr. Hendrix filed a timely Objection, in which he reasserts many of the facts provided in his motion and supplemental affidavit. Mr. Hendrix does not address, however, the motion's deficiencies, which the Magistrate Judge outlined. Specifically, Mr. Hendrix has failed to plead additional facts that would allow him to carry his burden of persuasion as to the prerequisites for the issuance of a preliminary injunction.

The four prerequisites that a movant must satisfy are as follows: (1) a substantial likelihood that the movant will ultimately prevail on the merits, (2) a showing that the movant will suffer irreparable injury unless the injunction issues, (3) proof that the threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party, and (4) a showing that the injunction, if issued, will not be adverse to or harm the public interests. *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). The court carefully has reviewed Mr. Hendrix's motion, the supplemental affidavit, and his Objection and concludes that he has failed to

demonstrate that he meets each of the prerequisites for the issuance of a preliminary injunction. Accordingly, it is ORDERED as follows:

1. Mr. Hendrix's Objection (Doc. # 21) is OVERRULED.

2. The Recommendation (Doc. # 20) is ADOPTED.

3. Mr. Hendrix's Motion for Preliminary Injunction (Doc. # 9) is DENIED.

4. This case is REFERRED back to the Magistrate Judge for further proceedings in accordance with 28 U.S.C. § 636.

DONE this 20th day of July, 2015.

                                        /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE